```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                               :
                                                     :
MUSICLAND HOLDING CORP., et al.,                     :   Chapter 11 (Confirmed)
                                                     :   Case No. 06-10064 (SMB)
                    Debtors.                         :
---------------------------------------------------------------X
THE RESPONSIBLE PERSON OF                            :
MUSICLAND HOLDING CORP., et al.,                     :
                                                     :
                    Plaintiff,                       :
                                                     :
          -- against --                              :   Adv. Proc. No. 08-1023
                                                     :
BEST BUY CO., INC., BRADBURY H.                      :
ANDERSON, DAVID P. BERG, CONNIE B.                   :
FUHRMAN, KEVIN P. FREELAND, DARREN                   :
R. JACKSON, RODGER R. KROUSE, MARC J.                :
LEDER, ALLEN U. LENZMEIER and                        :
JAMES L. MUEHLBAUER,                                 :
                                                     :
                    Defendants.                      :
---------------------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION TO AMEND COMPLAINT

**A P P E A R A N C E S:**

HAHN & HESSEN LLP
Attorneys for Plaintiff
488 Madison Avenue
New York, NY 10022

      Mark T. Power, Esq.
      John P. Amato, Esq.
      Robert J. Malatak, Esq.
      Edward L. Schnitzer, Esq.
           Of Counsel

AKERMAN SENTERFITT LLP
Co-counsel to Defendants Rodger R. Krouse
  & Marc J. Leder
335 Madison Avenue, Suite 2600
New York, NY 10017

      Susan F. Balaschak, Esq.
      Keith N. Costa, Esq.
      Kathlyn Schwartz, Esq.
         Of Counsel

    - and -

Andrew P. Gold, Esq.
Dianne O. Fischer, Esq.
Co-counsel to Defendants Rodger R. Krouse
  & Marc J. Leder
350 East Las Olas Boulevard, Suite 1600
Ft. Lauderdale, FL 33301


FOLEY & LARDNER LLP
Co-counsel for Defendants Best Buy Co., Inc.,
  Bradbury H. Anderson, David P. Berg, Connie B.
  Fuhrman, Kevin P. Freeland, Darren R. Jackson,
  Allen U. Lenzmeier and James L. Muehlbauer
90 Park Avenue
New York, NY 10016

      Douglas E. Spelfogel, Esq.
      Douglas S. Heffer, Esq.
         Of Counsel

    - and -

ROBINS, KAPLAN, MILLER & CIRESI LLP
Co-counsel for Defendants Best Buy Co., Inc.,
  Bradbury H. Anderson, David P. Berg, Connie B.
  Fuhrman, Kevin P. Freeland, Darren R. Jackson,
  Allen U. Lenzmeier and James L. Muehlbauer
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

      Elliot S. Kaplan, Esq.
      Anne M. Lockner, Esq.
         Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

The plaintiff seeks leave to assert two new claims included in his proposed Second Amended Adversary Proceeding Complaint ("SAC"). The principal issue is whether the new claims relate back to the filing of the original complaint. Concluding that they do not, I deny the motion to amend.

## BACKGROUND

The background, which is derived from the allegations in the Amended Complaint (ECF Doc. # 11), is set forth in Responsible Person of Musicland Holding Corp. v. Best Buy Co. (In re Musicland Holding Corp.), 398 B.R. 761 (Bankr. S.D.N.Y. 2008) ("Musicland"). I assume familiarity with that decision, and repeat only those facts necessary to the resolution of the motion.

At all relevant times, Musicland was engaged in the retail sale of music, movies, games and other entertainment-related products, and operated hundreds of retail stores throughout the United States.[1] Best Buy Co., Inc. ("Best Buy") acquired Musicland in January 2001, and during the ensuing two years, made additional equity investments in Musicland.

---

[1] "Musicland" includes the debtors Musicland Holding Corp. (on and after June 16, 2003), Media Play, Inc., MG Financial Services, Inc., MLG Internet, Inc., Musicland Purchasing Corp., Musicland Retail, Inc., Request Media, Inc., Sam Goody Holding Corp., Suncoast Group, Inc., Suncoast Holding Corp., Suncoast Motion Picture Company, Inc., Suncoast Retail, Inc., TMG Caribbean, Inc., TMG-Virgin Islands, Inc. and The Musicland Group, Inc.

3

**A.     The Transfers**

On March 31, 2003, Best Buy and Musicland executed a loan agreement and note that memorialized Musicland's purported indebtedness in the amount of $381,256,676 to Best Buy for the loans and inter-company advances previously made by Best Buy to Musicland.  Between March 31, 2003 and June 16, 2003, Musicland transferred $110,385,892 in cash and property to Best Buy in partial repayment of this debt (the "First Transfer").  On June 16, 2003, Best Buy sold its interests in Musicland to Musicland Holding Corp. ("Musicland Holding"), an entity formed by Sun Capital Partners, Inc. ("Sun").  As part of the sale transaction, Musicland paid Best Buy $35 million on June 16, 2003 (the "Second Transfer," and collectively with the First Transfer, the "Transfers").

Musicland filed chapter 11 petitions in this Court on January 12, 2006, and confirmed the Second Amended Joint Plan of Liquidation (the "Plan") on January 18, 2008. The Creditors' Committee filed the original complaint, (ECF Doc. # 1), on January 11, 2008, and the plaintiff filed the Amended Complaint on March 11, 2008 against Best Buy and a group of nine individual defendants.  The Amended Complaint sought to recover the approximate $145 million comprising the Transfers on a variety of theories including fraudulent transfer, rescission, illegal dividends, breach of fiduciary duty and aiding and abetting a breach of fiduciary duty (the "Transfer Claims").  The defendants included (1) Best Buy and the pre-sale officers and directors of Musicland affiliated with Best Buy (collectively, the "Best Buy Defendants"), and (2) the officers and directors that Sun installed following the sale – Krouse and Leder.

All defendants moved to dismiss the Amended Complaint. In Musicland, the Court dismissed the rescission claims and the claims for breach of fiduciary duty against Leder and Krouse, but otherwise denied the motions.

**B.    The Release**

Approximately seventeen months after the sale to Sun, Best Buy Enterprises Services, Inc, and its affiliates and subsidiaries on the one hand, and Musicland Holding Corp. and its affiliates and subsidiaries on the other, entered into a Settlement and Limited Release Agreement, dated Nov. 23, 2004 ("Release").[2] According to the introductory clause in the Release, "the parities [sic] now wish to bring finality to the sale and transition of the Musicland business by settling most unresolved issues that have arisen between the parties up to the date of this Agreement." The Release included a broad general mutual release of any claims, whether known or unknown, "from the beginning of time up to and including the Effective Date of this Agreement." (Release § 2.1.) The Release covered the officers and directors of Best Buy and Musicland. (Release § 11.)

**C.    The Prior Proceedings**

Although Best Buy produced a copy of the Release along with other Musicland-related documents to the plaintiff's predecessor in September 2006, the Best Buy Defendants apparently failed to take notice of it at that time. In fact, they did not

---

[2]    A copy of the Release is attached as Exhibit C to the Declaration of John P. Amato in Support of Plaintiff's Motion for Leave to Amend His Amended Adversary Proceeding Complaint, filed May 20, 2010. (ECF Doc. # 137.)

"discover" the Release until three years later. Once they did, the Best Buy Defendants moved to amend their answer, inter alia, to assert the Release as an affirmative defense. (Defendants' Motion for Leave to Amend Their Answer Pursuant to Federal Rule of Civil Procedure 15, dated Dec. 7, 2009) (ECF Doc. # 113).)

The plaintiff opposed the motion. (See Plaintiff's Consolidated Memorandum Opposing the Best Buy Defendants' Separate but Related Motions for Leave to Amend Their Answer and to Compel Production of Documents, dated Jan. 8, 2010) (ECF Doc. # 121).) He argued that the proposed amendment was futile because the Release did not cover the claims asserted in the Amended Complaint. (Id. at 9-11.) In addition, he charged that the Best Buy Defendants engaged in inexcusable delay in asserting the Release "at least with respect to Plaintiff's standing and rights under Moore v. Bay." (Id. at 13.) The plaintiff did not, however, make any specific allegations that he was prejudiced by the assertion of the Release defense. It appears that the Best Buy Defendants' motion to amend was granted, although the docket does not reflect an order granting it.

In response to the Release defense, the plaintiff moved for leave to file the SAC. The SAC includes two new claims related to the Release (the "Release Claims"). The Thirteenth Claim for Relief seeks to avoid the Release as a fraudulent transfer under §§ 544(b) and 548 of the Bankruptcy Code. (SAC ¶¶ 170-78.) The Fourteenth Claim for Relief charges that Krouse and Leder breached their fiduciary duties by permitting Musicland to enter into the Release. The defendants opposed the motion, contending,

6

inter alia, that the new claims are time-barred and the amendment is, therefore, futile.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings. Generally, leave should be freely granted, FED. R. CIV. P. 15(a)(2), but the court may deny the motion in instances of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). It follows that leave to amend should be denied "where the additional claims sought to be asserted by the amendment would be barred by the statute of limitations unless the amendment relates back under Rule 15(c)." Metzeler v. Bouchard Transp. Co. (In re Metzeler), 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986).

Rule 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading." "The principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party 'by the general fact situation alleged in the original pleading.'" In re Chaus Sec. Litig., 801 F. Supp. 1257, 1264 (S.D.N.Y. 1992) (quoting Contemporary Mission, Inc. v. New York Times Co., 665 F. Supp. 248, 255 (S.D.N.Y. 1987), aff'd, 842 F.2d 612 (2d Cir. 1988), cert. denied, 488 U.S. 856 (1988)); accord Rosenberg v. Martin, 478 F.2d 520, 526 (2d Cir. 1973) (Friendly, C.J.), cert. denied, 414 U.S. 872 (1973); Asset Value Fund Ltd. P'ship v. Care Grp., Inc., 179 F.R.D. 117, 121 n.3 (S.D.N.Y. 1998); Official Comm. of Unsecured Creditors of 360networks (USA) Inc. v. Pirelli Commc'ns. Cables and Sys.

USA LLC (In re 360networks (USA), Inc.), 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007). New allegations in the amended pleading relate back if they amplify the facts alleged in the original pleading or set forth those facts with greater specificity. In re Chaus Sec. Litig., 801 F. Supp. at 1264; Oliner v. McBride's Indus., Inc., 106 F.R.D. 9, 12 (S.D.N.Y. 1985); see 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.19[2], at 15-98–99 (3d ed. 2010). A revised pleading will also relate back if it asserts new legal theories based on the same series of transactions or occurrences. White v. White Rose Food, 128 F.3d 110, 116 (2d Cir. 1997); In re Chaus Sec. Litig., 801 F. Supp. at 1264; 3 MOORE'S § 15.19[2], at 15-99–100. Conversely, an amended complaint will not relate back if it is based on new facts and different transactions. In re Chaus Sec. Litig., 801 F. Supp. at 1264; CIT Group/Factoring Mfrs. Hanover, Inc. v. Srour (In re Srour), 138 B.R. 413, 418 (Bankr. S.D.N.Y. 1992).

The plaintiff conceded at oral argument that the Release Claims are time barred under the applicable statutes of limitations if they do not relate back unless the statutes of limitations are equitably tolled.

**A.    The New Claims Do Not Relate Back**

The Release Claims do not relate back to the Transfer Claims asserted in the Amended Complaint. The Amended Complaint concerned transfers that had occurred during the second quarter of 2003 and aggregated $145 million. The proposed new claims are based on a release that was delivered in November 2004. The Transfer and the Release Claims involved different conduct (the transfer of money versus the delivery of the Release) separated by seventeen months or more. The allegations regarding the

8

fraudulent nature of the Transfers in the Amended Complaint did not put the defendants on notice that the plaintiff was also challenging the Release as fraudulent. See Metzeler, 66 B.R. at 984 (different fraudulent transactions separate and distinct for purposes of Rule 15(c)); cf. 360networks (USA) Inc., 367 B.R. at 434 ("[A] preference action based on one transfer does not put defendant on notice of claims with respect to any other unidentified transfers."). In fact, the plaintiff's counsel essentially conceded the point at oral argument. Although he was aware of the Release, he did not challenge it prior to the expiration of the statute of limitations because he did not think it covered the Transfers.

The Release was not interjected into this case until the Best Buy Defendants asserted it as an affirmative defense. It may seem unfair that the Best Buy Defendants could assert the Release nearly four years after the petition date, but the plaintiff cannot challenge it as a fraudulent transfer or assert breach of fiduciary duty claims based on its execution and delivery by Musicland. Nevertheless, affirmative defenses are not subject to statutes of limitations but fraudulent transfer claims and breach of fiduciary duty claims are. Furthermore, while the plaintiff objected to the Best Buy Defendants' motion to amend their answer to assert the Release defense, he never argued that he would be prejudiced because he could no longer challenge the Release as a fraudulent transfer. And although he cannot challenge the Release as a fraudulent transfer, the plaintiff is still free to contend that the Release does not provide a defense to the Transfer Claims – his initial conclusion.

Lastly, the plaintiff's principal authority, NuMed Home Health Care, Inc. v. Taneja (In re NuMed Home Health Care, Inc.), 326 B.R. 859 (Bankr. M.D. Fla. 2005), is

distinguishable. In NuMed, the debtor and defendant entered into a Termination Agreement terminating the defendant's employment with the debtor. Pursuant to the Termination Agreement, the debtor paid the defendant $250,000 in cash and 744,680 shares of the debtor's common stock in exchange for the defendant's resignation, his noncompetition and disclosure covenants, and a mutual release. Id. at 862.

After the debtor filed chapter 11, it sued the defendant, inter alia, to avoid the transfers and recover the cash and stock as fraudulent transfers and for damages based upon breach of fiduciary duty and breach of the parties' employment contract. Id. at 862-63. The defendant subsequently filed a motion for summary judgment, contending that the plaintiff's claims were barred by the release in the Termination Agreement. Id. at 863.

In response, the debtor sought leave to amend its complaint to avoid the release as a fraudulent transfer. Id. The defendant opposed the amendment arguing that it was futile because the plaintiff could not satisfy the elements of a fraudulent transfer claim, id. at 864-65, but the court concluded that the amendment was not futile. Id. at 865. The court also concluded that the plaintiff had not unreasonably delayed in seeking leave to replead. The defendant first raised the release in an amended answer filed almost two years after the commencement of the adversary proceeding. The plaintiff sought leave to amend its complaint three-and-one-half months later. Id. Notably, the defendant never

contended that the amendment was time-barred or that it did not relate back, and the court never decided that the new claim related back to the original complaint.[3]

**B.      Equitable Tolling Does Not Apply**

The plaintiff also argues that if the Release claims do not relate back, the relevant statutes of limitation should be equitably tolled. "[E]quitable tolling is only appropriate in [ ] rare and exceptional circumstance[s] . . . in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotation marks omitted). "Under federal common law, a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's 'discovery of the nature of the claim within the limitations period'; and (3) the plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Corcoran v. New York Power Auth., 202 F.3d 530, 543 (2d Cir. 1999) (internal citations omitted), cert. denied, 529 U.S. 1109 (2000); accord Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 36-37 (2d Cir. 2002).

The plaintiff failed to demonstrate that equitable tolling applies to the Release Claims. The Best Buy Defendants did not conceal the Release; they produced the

---

[3]     Had the court addressed the issue, it is likely that the amendment would have related back; the transfers and the release arose from the Termination Agreement, and were components of a single transaction. Here, the Release was not provided at the time or as part of the transactions relating to the Transfers.

11

Release as well as other Musicland-related documents to the plaintiff's predecessor pursuant to a <u>subpoena</u> in September 2006. The statutes of limitations governing the fraudulent transfer and breach of fiduciary duty claims had not yet run. Thus, the plaintiff's predecessor was aware of the same transfer and the same alleged breach of fiduciary duty based on the delivery of the Release in time to bring the same claims alleged for the first time in the SAC. The plaintiff's failure to raise these claims at an earlier time was not the result of any concealment; rather, he concluded that the Release did not cover the Transfer claims. He "discovered" his new claims when the Best Buy Defendants belatedly raised the Release as an affirmative defense. While the affirmative defense focused the plaintiff on the Release, the Best Buy Defendants' delay in asserting the defense did not "conceal" the underlying claims that he now seeks to assert.

      Accordingly, the motion for leave to amend the Amended Complaint is denied. In light of this conclusion, the Court does not reach the other objections to the motion asserted by the defendants.

      So ordered.

Dated: New York, New York
       September 16, 2010

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Judge